IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

FILED
AUG 9 2010
WILLIAM B. GUTHRIE
Clerk, U.S. District Court
By_____
Deputy Clerk

JAMES WILLIAM LOVELACE, )
)
Petitioner, )
)
v. ) Case No. CIV 07-224-RAW-KEW
)
BRUCE HOWARD, Warden, )
)
Respondent. )

## REPORT AND RECOMMENDATION

This matter is before the Magistrate Judge on petitioner's petition for a writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254. Petitioner, an inmate currently incarcerated at Howard McLeod Correctional Center in Atoka, Oklahoma, attacks his conviction and sentence in LeFlore County District Court Case Number CF-1999-138 for Unlawful Possession of a Controlled Dangerous Substance (Methamphetamine), After Former Conviction of Two or More Felonies. He sets forth the following grounds for relief:

I. Insufficient evidence.

II. Heavener Police Officer David Hope had no authority or jurisdiction other than a private citizen to stop [petitioner]; therefore, [petitioner's] arrest was unlawful and the fruits of his arrest and subsequent search should have been suppressed.

III. [Petitioner] was seized pursuant to an illegal investigatory stop, in violation of his Fourth Amendment rights under the federal and Oklahoma Constitutions.

IV. Excessive sentence.

V. Ineffective assistance of appellate counsel.

The respondent concedes that petitioner has exhausted his state court remedies for the

purpose of federal habeas corpus review and has submitted the following records to the court for consideration in this matter:

    A.    Petitioner's direct appeal brief.

    B.    The State's brief in petitioner's direct appeal.

    C.    Summary Opinion affirming petitioner's Judgment and Sentence. *Lovelace v. State*, No. F-2004-1191 (Okla. Crim. App. Mar. 29, 2006).

    D.    Petitioner's post-conviction brief.

    E.    Order Affirming Denial of Post-Conviction Relief. *Lovelace v. State*, No. PC-2007-287 (Okla. Crim. App. June 26, 2007).

    F.    Transcript of June 1, 1999, proceedings in Case No. CF-1999-138.

    G.    Transcript of petitioner's jury trial.

    H.    State court record in Case No. CF-1999-138.

    I.    Transcript of petitioner's hearing in LeFlore County District Court Case Nos. CF-99-45 and CF-99-138.

## **Standard of Review**

Under the Anti-Terrorism and Effective Death Penalty Act, federal habeas corpus relief is proper only when the state court adjudication of a claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

> As to the "unreasonable application" standard, . . . only the most serious misapplications of Supreme Court precedent will be a basis for relief under § 2254. . . . [A] decision is "objectively unreasonable" when most reasonable jurists exercising their independent judgment would conclude the state court misapplied Supreme Court law. It is not enough that the decision is clearly wrong or that the reviewing court would have reached a contrary decision. . . . [T]he state court decision must be at such tension with governing U.S. Supreme Court precedents, or so inadequately supported by the record, or so arbitrary as to be unreasonable.

*Sandoval v. Ulibarri*, 548 F.3d 902, 908 (10th Cir. 2008) (quoting *Maynard v. Boone*, 468 F.3d 665, 671 (10th Cir. 2006)), *cert. denied*, ___ U.S. ___, 130 S.Ct. 133 (2009).

### Ground I: Sufficiency of the Evidence

Petitioner alleges the evidence was insufficient to convict him, because no drugs were found on him, and the State offered no evidence the he had any knowledge, dominion, or control over the methamphetamine found under the seat of the police car. On direct appeal the Oklahoma Court of Criminal Appeals (OCCA) denied relief:

> [W]hen the evidence is reviewed in the light most favorable to the prosecution, a rational trier of fact could have found the essential elements of the crime charged beyond a reasonable doubt. *See Eastlick v. State*, 90 P.3d 556, 559 (Okla. Crim. App. 2004). The evidence shows more than [petitioner's] merely being in the presence of the contraband. As such it is distinguishable from cases relied upon by [petitioner] where the defendant was a passenger in a car or present in a house where drugs were found with no further evidence showing the defendant's dominion and control. The evidence in this case, taken as a whole, supports an inference that [petitioner] was in constructive possession of the vial of methamphetamine. *See Johnson v. State*, 764 P.2d 530, 532 (Okla. Crim. App. 1988).

*Lovelace v. State*, No. F-2004-1191, slip op. at 2 (Okla. Crim. App. Mar. 29, 2006).

"Sufficiency of the evidence can be considered to be a mixed question of law and fact." *Case v. Mondagon*, 887 F.2d 1388, 1392 (10th Cir. 1989), *cert. denied*, 494 U.S. 1035

3

(1990). In federal habeas review of a state court conviction, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (emphasis in original).

The Supreme Court has repeatedly emphasized the deference the reviewing court owes to the trier of fact and "the sharply limited nature of constitutional sufficiency review." *Wright v. West*, 505 U.S. 277, 296 (1992) (citing *Jackson*, 443 U.S. at 319). "[A] federal habeas corpus court faced with a record of historical facts that supports conflicting inferences must presume--even if it does not affirmatively appear in the record--that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution." *Jackson*, 443 U.S. at 326. The court must "accept the jury's resolution of the evidence as long as it is within the bounds of reason." *Grubbs v. Hannigan*, 982 F.2d 1483, 1487 (10th Cir. 1993) (citing *United States v. Edmondson*, 962 F.2d 1535, 1548 (10th Cir. 1992)). "To be sufficient, the evidence supporting the conviction must be substantial; that is, it must do more than raise a mere suspicion of guilt." *Beachum v. Tansy*, 903 F.2d 1321, 1332 (10th Cir.) (citing *United States v. Troutman*, 814 F.2d 1428, 1455 (10th Cir. 1987)), *cert. denied*, 498 U.S. 904 (1990).

To determine whether there was sufficient evidence presented at trial to sustain petitioner's conviction, the court first must look to Oklahoma law for the elements required for the crime. *Jackson*, 443 U.S. at 324 n.16; *see also Torres v. Mullin*, 317 F.3d 1145, 1152 (10th Cir.), *cert. denied*, 540 U.S. 1035 (2003). Three elements must be proven beyond a reasonable doubt to convict for Unlawful Possession of a Controlled Dangerous Substance (Methamphetamine):

4

FIRST, knowing and intentional;

SECOND, possession;

THIRD, of the controlled dangerous substance of methamphetamine.

Okla. Stat. tit. 63, § 2-402; O.R. 56.

The record shows that on or about April 10, 1999, Johnny Thomas walked past his mother's house in rural LeFlore County. (Tr. 16-17). He observed a small green car parked in front the house, and a 55-gallon drum barrel with "chemical names on it" sitting beside the vehicle. (Tr. 17, 23). The car was parked by the "no parking" sign on the property with the interior lights on. (Tr. 17). Mr. Thomas did not recognize the car, but he noted the tag number. (Tr. 17-18). The car was unattended, and he was concerned that someone might be inside his 102-year-old mother's house. (Tr. 17-18). Mr. Thomas called the LeFlore County Sheriff's Office, gave them the information, and requested they send an officer to investigate. (Tr. 18).

Officer David Hope, a Heavener, Oklahoma, police officer, came to investigate at the request of LeFlore County Deputy Evans. (Tr. 19, 28). Mr. Thomas advised Officer Hope that the car had left his mother's property and gone west, but Officer Hope should be able to overtake it. (Tr. 30).

Officer Hope caught up with the car and stopped it. (Tr. 31). Petitioner was driving the car with Michael Jones as a passenger. (Tr. 31-32, 34). Officer Hope approached petitioner's vehicle and asked for his driver's license. (Tr. 32). The license had been suspended, so Officer Hope arrested petitioner and patted him down. (Tr. 32). Petitioner had a knife and a syringe in his right front pocket, and petitioner admitted he did not have a medical condition requiring use of a syringe. (Tr. 33-34). Officer Hope then placed

petitioner in the backseat of the patrol car on the driver's side. (Tr. 32, 35).

Deputy Sparky Evans arrived at the scene, and Officer Hope explained what had happened. (Tr. 42, 78). Petitioner then was removed from the patrol car, and Deputy Evans checked underneath the back seat and found a small plastic Krazy Glue vial wrapped in black electrical tape. (Tr. 42-44, 80). The vial contained a small plastic baggie holding a brown substance. (Tr. 48, 82, 84). The two officers emptied petitioner's pockets and found two more syringes and another pocketknife. (Tr. 46, 86). One of the syringes contained a residue of a clear liquid. (Tr. 47, 105). Petitioner had no objection to Officer Hope's searching his car. (Tr. 66). No drugs were found in petitioner's car, and a drug dog did not detect any drugs. (Tr. 63, 66).

Before Officer Hope started his shift, he thoroughly checked the patrol car to ensure there was no forgotten evidence or any remaining items that could be used as weapons. (Tr. 36-37). Prior to Mr. Thomas' call, Officer Hope had arrested another man and taken him to jail in his patrol car. (Tr. 35). That arrestee rode to the jail in the front passenger's seat, and after the arrestee was removed from the patrol car, Officer Hope checked the car again and found nothing. (Tr. 35, 37-38, 50-51).

Deputy Evans testified he found a roll of black plastic tape in petitioner's car. (Tr. 88-89). Evans further testified the tape appeared to be consistent with the tape that was on the vial. (Tr. 89-91).

Evan Dewey, a criminalist with the Oklahoma State Bureau of Investigation, testified the ziplock bag that contained the brown substance contained methamphetamine. (Tr. 120, 122). In addition, one of the syringes contained methamphetamine. (Tr. 123).

Defense Witness Donnie Stroud testified that he raised gamecocks, and petitioner was

6

at his home when he used needles and syringes to inject the poultry with medications. (Tr. 158, 162). Stroud would just lay down the needles after he injected the birds, and petitioner could have picked up some of the used needles and syringes without Stroud's knowledge. (Tr. 162), 168-69). Stroud maintained, however, that there was no reason for one of his syringes to contain methamphetamine. (Tr. 168).

Petitioner testified he was taking someone home at the time Mr. Thomas saw his car. (Tr. 189). Petitioner found a roll of black tape when he got out of his car, and he put the tape on the floorboard of the car. (Tr. 189-90, 209-10). He further testified he got the needles and syringes from Donnie Stroud's place the evening before he was arrested. (Tr. 198). Petitioner found the syringes on a box, and he picked them up to prevent children from finding them. (Tr. 198). He claimed to have no knowledge that one of the syringes contained methamphetamine, and denied that the brown substance had belonged to him. (Tr. 199, 202).

After careful review, the court finds the evidence supporting petitioner's conviction was sufficient under the standard of *Jackson v. Virginia*. The court further finds the OCCA's determination that the evidence "supports an inference that [petitioner] was in constructive possession of the vial of methamphetamine," *Lovelace*, No. F-2004-1191, slip op. at 2, was not contrary to or an unreasonable application of federal law, and the OCCA's decision was not based on an unreasonable determination of the facts, 28 U.S.C. § 2254(d). This ground for habeas relief fails.

## Ground II: Unlawful Arrest

Petitioner next asserts that Heavener Police Officer David Hope had no authority or jurisdiction, other than that of a private citizen, to stop and search him. The OCCA denied

this claim for relief, finding that because Officer Hope "acted at the request and under the direction of Deputy Evans, Hope had the legal authority to stop [petitioner]." *Lovelace*, No. F-2004-1191, slip op. at 2. "A written agreement concerning Hope's deputization was not necessary as Okla. Stat. tit. 19, § 548 (1991), specifically exempted requests for authorization for assistance on particular acts from the requirement that all appointment of deputies should be in writing." *Id.* at 2-3.

The respondent alleges the question of whether a city police officer has jurisdiction to make a traffic stop is purely an issue of state law and is not cognizable in a federal habeas corpus action." [I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) (citing 28 U.S.C. § 2241; *Rose v. Hodges*, 423 U.S. 19, 21 (1995) (per curium)). "Habeas corpus is a civil proceeding and the burden is upon the petitioner to show by a preponderance of the evidence that he is entitled to relief." *Beeler v. Crouse*, 332 F.2d 783, 783 (10th Cir. 1964) (citing *Teague v. Looney*, 268 F.2d 506 (10th Cir. 1959)). Here, the court finds petitioner has failed to present an argument supporting federal habeas relief.

### Ground III: Fourth Amendment

In Ground III petitioner alleges he was seized pursuant to an illegal investigatory stop, in violation of the Fourth Amendment. The issue first was raised in the trial court through a motion to suppress. (O.R. 22-23). Following a hearing, the trial court overruled the motion. (O.R. 29-30). Petitioner also raised the claim in his direct appeal, but the OCCA rejected his argument:

8

> . . . [T]he State met its burden of proving the investigatory stop was reasonable. *Lunsford v. State*, 652 P.2d 1243, 1245 (Okla. Crim. App. 1982). As the description of [petitioner's] car and the license tag number matched the description of the vehicle and the tag number reported to Officer Hope as being at a home under suspicious circumstances, and as the car was gone when the officer responded to the scene of the call, Officer Hope had specific and reasonable grounds to warrant a brief investigatory stop. *See Knighton v. State*, 912 P.2d 878, 886 (Okla. Crim. App. 1996); *Loman v. State*, 806 P.2d 663, 667 (Okla. Crim. App. 1991). Officer Hope's actions were not rendered illegal because it was not proven that a crime occurred while [petitioner] was parked in Thomas's driveway. The officer's subjective intent alone does not make otherwise lawful conduct illegal or unconstitutional. *Phillips v. State*, 989 P.2d 1017, 1031 (Okla. Crim. App. 1999).

*Lovelace*, No. F-2004-1191, slip op. at 3.

"[W]here the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." *Stone v. Powell*, 428 U.S. 465, 494 (1976) (footnotes omitted). Here, petitioner had the opportunity and exercised it fully. This claim is meritless.

### Ground IV: Excessive Sentence

Petitioner alleges his 35-year sentence and $1,000.00 fine for Unlawful Possession of a Controlled Dangerous Substance (Methamphetamine), After Former Conviction of Two or More Felonies, is excessive. The OCCA disagreed on direct appeal, finding the sentence was "not so excessive as to shock the conscience of the court." *Lovelace*, No. F-2004-1191, slip op. at 3 (citing *Bartell v. State*, 881 P.2d 92, 101 (Okla. Crim. App. 1994)).

> This was [petitioner's] fifth drug-related conviction in six years, with the most recent conviction coming barely one month before the occurrence of the acts giving rise to the charge in this case. [Petitioner] cites no authority for his argument that his sentence was imposed "to issue some sort of symbolic statement concerning the current 'War on Drugs.'" Further, we reject

9

[petitioner's] attempt to compare his sentence to those in unrelated cases. This Court does not engage in proportionality analysis of sentences. *See Rea v. State*, 34 P.3d 148, 149 (Okla. Crim. App. 2001). Accordingly, we find the sentence is not excessive and modification is not warranted.

*Lovelace*, No. F-2004-1191, slip op. at 3-4.

> [T]he Constitution does not require the crime and the sentence to be strictly proportional. *Id.* Instead, "it forbids only extreme sentences that are 'grossly disproportionate' to the crime." *Ewing*, 538 U.S. at 20 (quoting *Harmelin v. Michigan*, 501 U.S. 957, 1001 (1991)). Generally, a sentence within the limits imposed by statute is neither excessive nor cruel and unusual under the Eighth Amendment. *See United States v. Hughes*, 901 F.2d 830, 832 (10th Cir.1990).

*United States v. Gillespie*, 452 F.3d 1183, 1190 (10th Cir. 2006).

Issues concerning sentencing are a matter of state law. *See Shafer v. Stratton*, 906 F.2d 506, 510 (10th Cir.), *cert. denied*, 498 U.S. 961 (1990). Because petitioner's sentence is within statutory limits, it is not regarded as excessive or cruel and unusual. *United States v. O'Driscoll*, 761 F.2d 589, 599 (10th Cir. 1985) (citations omitted), *cert. denied*, 475 U.S. 1020 (1986). This ground for habeas relief also fails.

### Ground V: Ineffective Assistance of Appellate Counsel

Finally, petitioner his appellate counsel was ineffective in failing to raise issues related to petitioner's innocence. He claims that if trial counsel had independently tested the black tape, it would have shown that the black tape on the vial had not come from the roll of black tape that was found in his car. Petitioner further claims that trial counsel failed to preserve for appeal the issue of independent testing of the black tape.

Petitioner first raised this claim in his application for post-conviction relief. The district court denied relief, finding petitioner "failed to show that his proposition regarding ineffective assistance of trial counsel was not raised on appeal through no fault of his own."

10

*Lovelace*, No. PC-2007-287, slip op. at 1-2 (Okla. Crim. App. June 28, 2007). The trial court further found that petitioner's trial counsel "'exercised skill, judgment, and diligence of a reasonable, competent defense attorney in light of his overall performance,'" and petitioner "was not prejudiced in any way by the decisions made by his trial attorney in the handling of his situation at trial." *Id.*, slip op. at 2 (quoting *State v. Lovelace*, No. CF-99-138 (LeFlore County Dist. Ct. Mar. 8, 2007)).

The OCCA affirmed, finding that "[a]ny allegations as to trial counsel's ineffectiveness have been waived as this is an issue which could have been raised on direct appeal." *Lovelace*, No. PC-2007-287, slip op. at 2 (Okla. Crim. App. June 28, 2007).

> As for Petitioner's claim that he was denied effective assistance of appellate counsel, the record does not support this claim. Petitioner complains appellate counsel did not raise issues he believes should have been raised on direct appeal. Failure to raise each and every issue is not determinative of ineffective assistance of counsel, and counsel is not required to advance every cause of argument regardless of merit. *See Cartwright v. State*, 708 P.2d 592 (Okla. Crim. App. 1985).

*Lovelace*, No. PC-2007-0287, slip op. at 2-3.

In *English v. Cody*, 146 F.3d 1257, 1264 (10th Cir. 1998), the Tenth Circuit Court of Appeals held that Oklahoma's procedural bar would apply to claims of ineffective assistance of trial counsel when trial and appellate counsel are different, and the ineffective assistance of trial counsel issue can be resolved on the record. Here, petitioner's trial and appellate counsel were different, and, as will be discussed below, petitioner's claim of ineffective assistance of trial counsel does not involve matters outside the court record.

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of

11

federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman v. Thompson*, 501 U.S. 722, 750 (1991). The OCCA denied relief for petitioner's failure to comply with procedural rules. This is an independent and adequate state ground that bars federal habeas review. *See id.*

"'[C]ause' under the cause and prejudice test must be something *external* to the petitioner, something that cannot fairly be attributed to him." *Id.* at 753 (emphasis in original). With respect to the "prejudice" prong of the "cause and prejudice" requirement, a petitioner "must shoulder the burden of showing, not merely that the errors at his trial created a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *United States v. Frady*, 456 U.S. 152, 170 (1982) (emphasis in original).

In *Strickland v. Washington*, 466 U.S. 668 (1984), the United States Supreme Court set forth the two-part test for determining the validity of a habeas petitioner's claim of ineffective assistance of counsel. The test requires a showing that (1) "counsel's performance was deficient," and (2) "the deficient performance prejudiced the defense." *Id.* at 687. The *Strickland* test also applies to appellate counsel. *Evitt v. Lucey*, 469 U.S. 387, 393-400 (1985).

> The Sixth Amendment does not require an attorney to raise every nonfrivolous issue on appeal. *See Jones v. Barnes*, 463 U.S. 745, 751 (1983). Consequently, appellate counsel engage in a process of "'winnowing out weaker arguments on appeal and focusing on' those more likely to prevail." *Smith v. Murray*, 477 U.S. 527, 536 (1985) (quoting *Jones*, 463 U.S. at 751-52). The weeding out of weak claims to be raised on appeal "is the hallmark of effective advocacy," *Tapia v. Tansy*, 926 F.2d 1554, 1564 (10th Cir. 1991), *cert. denied*, 502 U.S. 835 (1991), because "every weak issue in an appellate brief or argument detracts from the attention a judge can devote to the stronger

> issues, and reduces appellate counsel's credibility before the court." *Miller v. Keeney*, 882 F.2d 1428, 1434 (9th Cir. 1989).

*United States v. Cook*, 45 F.3d 388, 394-95 (10th Cir. 1995).

Petitioner's argument is based on the highly conclusory premise that independent testing of the black electrical tape would have proven his actual innocence. To the contrary, even if such testing showed the tape wrapped around the vial was not linked to him, his innocence would not have been proven. Petitioner mistakenly asserts that the tape around the vial was the State's "key evidence against him," (Docket #6 at 26), when the most important evidence was the vial of methamphetamine itself and the three syringes in his possession. Considering the black tape was not dispositive of his guilt, petitioner "must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Pickens v. Gibson*, 206 F.3d 988, 1001 (10th Cir. 2000) (quoting *Strickland*, 466 U.S. at 689).

Because petitioner has failed to meet his burden under *Strickland* to show his trial counsel was ineffective, his appellate counsel was not ineffective in failing to raise the claims on appeal. *See Parker v. Champion*, 148 F.3d 1219, 1221 (10th Cir. 1998) (citing *United States v. Cook*, 45 F.3d 388, 392-93 (10th Cir. 1995), *cert. denied*, 525 U.S. 1151 (1999)).

The court further finds petitioner has failed to demonstrate that application of the procedural bar will result in a fundamental miscarriage of justice. The Tenth Circuit Court of Appeals has held that "[c]ases involving a fundamental miscarriage of justice 'are extraordinary instances when a constitutional violation probably has caused the conviction of one innocent of the crime.'" *Gilbert v. Scott*, 941 F.2d 1065, 1068 n.2 (10th Cir. 1991) (citing *McClesky v. Zant*, 499 U.S. 467, 494 (1991)). The Tenth Circuit has explained this

13

"very narrow exception" as follows:

> [T]he petitioner must supplement his habeas claim with a colorable showing of factual innocence. Such a showing does not in itself entitle the petitioner to relief but instead serves as a "'gateway'" that then entitles the petitioner to consideration of the merits of his claims. In this context, factual innocence means that "it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt."

*Demarest v. Price*, 130 F.3d 922, 941-942 (10th Cir. 1997) (internal quotations omitted). The court finds petitioner has not made a colorable showing of factual innocence, so relief cannot be granted. *See Herrera v. Collins*, 506 U.S. 390, 404 (1993); *Kuhlmann v. Wilson*, 477 U.S. 436, 454 (1986).

## **Evidentiary Hearing**

Petitioner has filed multiple objections to the court's denial of his request for an evidentiary hearing on the issue of independent testing of the black tape and his claims of ineffective assistance of counsel. (Docket #4, #15, #16, #17, and #18). He, however, still has not met the requirements for an evidentiary hearing, as set forth in 28 U.S.C. § 2254:

> If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that--
>
> (A) the claim relies on--
>
> (I) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and
>
> (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

14

28 U.S.C. § 2254(e)(2).

As set forth above, petitioner has failed to show the factual predicate of the claim could not have been discovered previously through due diligence or that the facts supporting the claim would show that absent the alleged constitutional error, he would not have been found guilty of the offense. Petitioner is not entitled to an evidentiary hearing.

**ACCORDINGLY**, the Magistrate Judge recommends that this action be, in all respects, dismissed.

Pursuant to 28 U.S.C. § 636(b)(1)(C), the parties are given fourteen (14) days from being served with a copy of this Report and Recommendation to file with the Clerk of the Court any objections with supporting briefs. Failure to file timely written objections to the Magistrate Judge's recommendations may result in waiver of appellate review of factual and legal questions. *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

**DATED** this 9th day of August 2010.

KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE